892 F.2d 82
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AUGUSTA INNKEEPERS, LTD., Montgomery Innkeepers, Ltd., Appellants,
and
Creditors Committee, Sundowner Inns, Ltd. Intervenors,
v.
Paul JACKSON, Barbara L. Jackson, dba/Imperial Motel
Associates, Appellees.
AUGUSTA INNKEEPERS, LTD., Montgomery Innkeepers, Ltd., Appellants,
v.
Paul Jackson, Barbara L. Jackson, dba/Imperial Motel
Associates, Appellees.
 No. 87-3739 and 89-35113
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 7, 1989*.
Decided Dec. 26, 1989.
 
 Before: CANBY, WIGGINS, FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Augusta Innkeepers, Ltd. and Montgomery Innkeepers, Ltd. appeal the district court's affirmance of the bankruptcy court's refusal to release to them funds that the debtor previously deposited with the court. We have jurisdiction under 28 U.S.C. § 158(d) (1982). We affirm.
 
 
 3
 The bankruptcy court ordered the funds deposited as "adequate protection" for Augusta, pursuant to this court's decision that an undersecured creditor who is stayed by a bankruptcy petition from repossessing collateral is entitled to compensation for his loss of the use-value of his security interest. See In re American Mariner, 734 F.2d 426 (9th Cir.1984). The bankruptcy court refused to release the funds to appellants because during the time its stay was in effect the Supreme Court reversed the Mariner decision. See United Sav. Ass'n v. Timbers of Inwood Forest Ass'n, 108 S.Ct. 626 (1988).
 
 
 4
 We review a bankruptcy court's findings of fact to determine whether they are clearly erroneous; we review a bankruptcy court's conclusions of law de novo. Wien Air Alaska v. Bachner, 865 F.2d 1106, 1108 (9th Cir.1989).
 
 
 5
 Appellants contend that Timbers is inapplicable to this case. In Timbers, the Supreme Court distinguished an oversecured creditor from an undersecured creditor. The Court recognized that an oversecured creditor is entitled to payments compensating him for the use-value of his security interest in a debtor's property while a bankruptcy court stay prevents him from foreclosing on that property to the extent of his "security cushion"--the difference between the value of his original claim against the debtor and the value of the collateral in which he has a security interest. The Court held, however, that an undersecured creditor--who has no such security cushion--is entitled to no such compensation.
 
 
 6
 Appellants' first contend that Timbers is inapplicable because the payments in Timbers were specifically earmarked for loss of use of the creditor's funds, whereas here the payments were not so earmarked. A fair reading of the bankruptcy court's opinion refutes this contention. The court ordered the funds paid as "adequate protection," explicitly relying on Mariner. In Mariner, "[t]he sole issue [was] whether an undersecured creditor who is stayed by a bankruptcy petition from repossessing its collateral is entitled, under the concept of 'adequate protection' 11 U.S.C. § 361, 362, to compensation for the delay in enforcing its rights against the collateral." Mariner, 734 F.2d at 427. It is, therefore, clear that the bankruptcy court ordered the funds paid for loss of use of the creditor's interest in the property.
 
 
 7
 Appellants next contend that Timbers is inapplicable because it involved a clearly undersecured creditor whereas here the creditor might be neither undersecured nor oversecured. This distinction lacks relevance. In Timbers, the Supreme Court found an undersecured creditor not entitled to compensation because he, unlike an oversecured creditor, enjoys no security cushion. A creditor who is neither oversecured nor undersecured enjoys no security cushion either. He, therefore, cannot obtain compensation under Timbers.
 
 
 8
 Appellants finally contend Timbers does not prevent payments to compensate a creditor for depreciation in property while a stay is in effect. But this contention is beside the point. The bankruptcy court did not find Augusta's collateral to be depreciating nor did it order the funds to be deposited for this purpose. Although appellants had presented evidence that the property had declined in value in the period preceding the court's order that the debtor deposit adequate protection funds with the court, the court did not and need not have concluded based on the testimony that the property was currently declining in value. Furthermore, since appellants did not argue to the bankruptcy court that they should receive funds to protect them from a decline in value of their property, we will not consider such an argument on appeal. See In re Holiday Mart, 715 F.2d 430, 432 (9th Cir.1983).
 
 
 9
 We also reject appellants' argument that the debtor's misconduct estops it from challenging the release of the funds to appellants. The real party in interest in this case is not the debtor; it is the reorganization plan administrator, representing the debtor's unsecured creditors. The administrator and the unsecured creditors should not be penalized for the debtor's alleged misconduct.
 
 
 10
 Finally, our resolution of the Timbers issue makes it unnecessary for us to consider whether appellants' alleged failure to follow a previous bankruptcy court order would have barred them from receiving the adequate protection funds had appellants been otherwise entitled to them.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3